## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## <u>NORTHERN DIVISION</u>

| | | |
|---|---|---|
| TINNA SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO:3:07CV1100 |
| | ) | |
| OPELIKA AUTO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S ANSWER, RAISING
## R.12, *FED.R.CIV.P.* AND OTHER DEFENSES

---

COMES NOW the Defendant, Opelika Auto Group, Inc., by and through its attorney John Martin Galese, and responds to the Plaintiff's Complaint as follows:

## <u>RESPONSES TO SPECIFIC AVERMENTS</u>

1.    No response to this jurisdictional averment is required.

2.    Denied.

3.    It is admitted that the Plaintiff is over 19, but the Defendant has no information upon which to admit the remaining averments, which are therefore, denied.

4.    Denied.

5.    Denied.

6.    Admitted.

7.    Admitted.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Answered above.

15.    Denied.

16.    Denied.

## OTHER DEFENSES

### *FIRST DEFENSE*

(A) The Plaintiff's sexual harassment and hostile work environment claims are due to be dismissed and the Plaintiff is estopped from raising them and has waived them, because she did not timely raise them in her administrative filing with the Equal Employment Opportunity Commission.  (B)  The Plaintiff has failed to exhaust her

administrative remedies in connection with such claims, and, as such, she is barred from pursuing such claims in this action.

## SECOND DEFENSE

The Complaint and each count therein contained, fails to state a claim against the Defendant upon which relief can be granted.

## THIRD DEFENSE

The Plaintiff is not entitled to the relief sought because if she proved her gender or alleged reporting of gender discrimination or harassment was a motivating factor for any employment practice she claims adversely affected her, the Defendant will show that it would have taken the same action in absence of the impermissible motivating factor(s) and therefore the limitations on damages and attorney's fees, as set forth in 42 U.S.C. § 2000e-5(g)(2)(B) are applicable.

## FOURTH DEFENSE

The Plaintiff is not entitled to recover back pay, damages for emotional distress, mental anguish or other damages insofar as she has failed to mitigate her damages.

## FIFTH DEFENSE

The Plaintiff has not alleged facts which, if found, would justify an award of damages for emotional distress/mental anguish, as a matter of law.

*SIXTH DEFENSE*

The Defendant did not intentionally discriminate against or harass the Plaintiff and said alleged discrimination or harassment did not result in damage to the Plaintiff.

*SEVENTH DEFENSE*

The Plaintiff has not alleged a basis for an award of punitive damages because she has not properly alleged willful, reckless or malicious conduct on the part of the Defendant.

*EIGHTH DEFENSE*

The Plaintiff is not entitled to punitive damages and compensatory damages or to a trial by jury because the Plaintiff has not alleged and cannot prove facts sufficient to support an award under applicable law.

*NINTH DEFENSE*

The Defendant is not liable for any damages resulting from the alleged sexual discrimination or harassment of the Plaintiff because had she reported such conduct, the Defendant would have taken immediate, appropriate and effective remedial action.

*TENTH DEFENSE*

The Plaintiff cannot prove any discrimination based on her gender.

*ELEVENTH DEFENSE*

At all times material to this Complaint, there was in place an employee handbook and written policy which was distributed to all employees containing a policy against harassment and discrimination which allowed and encouraged employees to report said harassment or discrimination and allowed them to bypass their supervisor if they contended the harassment or discrimination was being engaged in by their supervisor and because the Plaintiff failed to avail herself of the provisions of this policy, the Defendant is not liable for said alleged harassment, discrimination or hostile work environment.

*TWELFTH DEFENSE*

The Defendant is not liable for the Plaintiff's claims as she cannot establish that she was subjected to conduct severe or pervasive enough to alter the terms, conditions or privileges of her employment.

*THIRTEENTH DEFENSE*

The Plaintiff has not been damaged as alleged.

*FOURTEENTH DEFENSE*

The Plaintiff has not been damaged by acts of the Defendant.

*FIFTEENTH DEFENSE*

The Defendant pleads estoppel, claim preclusion, issue preclusion and res adjudicata in that the Plaintiff sought unemployment benefits arising out of her termination by the Defendant, and was found ineligible therefore, because of misconduct associated with her employment, and the Plaintiff failed to timely appeal that adverse finding.

*SIXTEENTH DEFENSE*

The Complaint and each Count thereof, to the extent they are not brought within the applicable statute of limitations, are time barred.  Any claim for conduct which occurred more than 180 days prior to her filing of her charge of discrimination with the Equal Employment Opportunity Commission is barred for Plaintiff's failure to fulfil conditions precedent to raising such claims in this action with the Equal Employment Opportunity Commission.

*SEVENTEENTH DEFENSE*

No conduct of the Defendant was the proximate cause of or had any causal connection with the injuries and damages alleged by the Plaintiff.

*EIGHTEENTH DEFENSE*

The Plaintiff's demands for injunctive relief and back pay are equitable in nature and are not properly triable to a jury.

*NINETEENTH DEFENSE*

In connection with the Plaintiff's prayer for equitable relief, the Plaintiff comes into Court with unclean hands.

*TWENTIETH DEFENSE*

The Defendant had legitimate, non-pretextual business reasons for its employment decisions regarding the Plaintiff. The Plaintiff, contrary to her terms of employment, was insubordinate, verbally abusive to coworkers and customers, lied to customers and failed and refused to complete appropriate computer training supplied by the vehicle manufacturer.

*TWENTY-FIRST DEFENSE*

The Defendant is not liable for any damages resulting from the alleged gender harassment or discrimination and alleged retaliation of the Plaintiff because it was never notified by the Plaintiff of the alleged harassment or discrimination and had it been so notified, it would have taken immediate, appropriate and effective remedial action.

*TWENTY-SECOND DEFENSE*

The Defendant did not take an adverse employment action against the Plaintiff because of her gender or her alleged reporting of any harassment or discrimination.

## *TWENTY-THIRD DEFENSE*

The Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any other agent, employee or servant pursuant to Alabama Code Section 6-11-27 (1975).

## *TWENTY-FOURTH DEFENSE*

1. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama.

2. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

3. No punitive damages are warranted or allowable that would exceed comparable maximums established for similar alleged criminal fines.

4. Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

5. Any claim for punitive damages, on its face and/or applied in this case, is in violation of the Fifth and Sixth Amendments of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the due process clause in the

Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama.

7.    Plaintiff's claims for the recovery of punitive damages are barred by Alabama Code Section 6-11-20, et.seq.

8.    Plaintiff's claims for the recovery of punitive damages are barred by Alabama Code Section 6-11-27 (1993).

9.    Plaintiff's claims for the recovery of punitive damages are in contravention of the Defendant's rights under each of the following constitutional provisions:

   a.    Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

   b.    The Contracts Clause of Article I, Section 10 of the United States Constitution;

   c.    The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

   d.    The Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

   e.    The constitutional prohibition against vague and overly broad laws;

f.     The prohibition against ex post facto laws in Article I, Section 22 of the Alabama Constitution;

g.     The Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

h.     The Due Process Clause of Article 1 Section 6 and/or 13 of the Constitution of Alabama.

10.     An award of punitive damages in the circumstances of this case would clearly be violative of the Defendant's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law.

11.     The imposition of punitive damages in this case would be in denial of the Defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, 6 and 22 of the Alabama Constitution. Specifically, a defendant is treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for

guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

12. The imposition of punitive damages in this case would violate the Defendant's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

13. With respect to Plaintiff's demand for punitive damages, the Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of BMW of No. America v. Gore, Cooper Industries, Inc. v. Leatherman Tool Group, Inc., and Horton Homes, Inc., v Brooks. Further, the Defendant adopts all defenses that have been made available to it by the United States Supreme Court's decision in Kilstad v. American Dental Association.

14. To the extent that the Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against the Defendant, this award contravenes Defendant's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendant's rights

against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

15.    The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 1 and 6 of the Alabama Constitution.

16.    The procedures pursuant to which punitive damages are awarded expose the Defendant to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on the Defendants' exercise of its right to a judicial resolution of this dispute.

### TWENTY-FIFTH DEFENSE

The Defendant reserves the right to supplement this initial answer raising such other, different or affirmative defenses as may be proper, in accordance with R.11, *Fed.R.Civ.P.*, after further investigation and discovery.

Respectfully submitted,

/s/ John Martin Galese

_____

John Martin Galese, Esq. (ASB5382E61J)

12

Of Counsel:
GALESE & INGRAM, P.C.
300 First Commercial Bank Building
800 Shades Creek Parkway
Birmingham, Alabama 35209
*Telephone:*  (205) 870-0663
*Facsimile:*  (205) 870-0681


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 2, 2008, I have electronically filed this answer

.

/s/ John Martin Galese