## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## <u>NORTHERN DIVISION</u>

TINNA SHERMAN,           )
                            )
      Plaintiff,         )
                            )
vs.                      )      CASE NO:3:07CV1100
                            )
OPELIKA AUTO GROUP, INC.,   )
                            )
      Defendant.       )

## <u>MOTION TO DEEM FACTS AS ADMITTED</u>

COMES NOW the Defendant, Opelika Auto Group, Inc., by John Martin Galese and Cassandra J. Harris, its attorneys, and moves the Court for an Order Deeming Facts as Admitted in accordance with *Federal Rule of Civil Procedure* 36(a)(3). In support of said motion, the Defendant submits the following:

I.     The parties entered into and filed their Report of Parties' Planning Meeting on January 2, 2008.

II.    Plaintiff was served with Defendant's First Consolidated Discovery on January 2, 2008. (Exhibit A).

III.   Contained within the consolidated discovery requests were the following Requests for Admissions:

1.    Please admit that you lied to one or more customers of this Defendant, while employed by this Defendant.

2.      Please admit that you agreed to be bound by the terms of the Defendant's anti-harassment and anti-discrimination policy, as a condition of your employment with the Defendant.

3.      Please admit that you never completed required computer training in order to qualify for direct compensation payments from one or more vehicle manufacturers.

4.      Please admit that you used obscene and profane language at the Defendant's place of business.

5.      Please admit that you received both verbal and written warnings about your conduct at the Defendant's dealership, prior to your termination.

6.      Please admit that you applied for unemployment compensation benefits arising out of your termination of employment from this Defendant.

7.      Please admit that you were found to be disqualified for unemployment benefits arising out of your termination of employment from this Defendant, because of misconduct associated with your employment with the Defendant.

8.      Please admit that you never timely appealed the finding of disqualification for unemployment compensation benefits arising out of your employment with this Defendant.

9.      Please admit that you never reported any sexual harassment or discrimination to any manager of the Defendant, prior to your filing an EEOC charge.

10.     Please admit that the Defendant had in force and effect, at the time of your alleged employment, a written policy against harassment and discrimination.

11.     Please admit that you failed to follow the provisions of the Defendant's written anti-harassment and anti-discrimination policy.

12.     Please admit that the Defendant did not harass or discriminate against you based on your sex.

13.     Please admit that you did not file a charge of a sexually hostile work environment at Mike Patton Ford, with the EEOC, prior to filing this civil action.

14.     Please admit that you did not file a charge of sexual harassment against Mike Patton Ford with the EEOC prior to filing this civil action.

15.     Please admit that the Defendant had valid, non-pretextual reasons for terminating your employment.

IV.    The Plaintiff's admissions or denials of the Requests for Admissions were due on or before February 4, 2008.

V.    *Federal Rule of Civil Procedure* 36(a)(3) states that "a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  The filing of a Motion to Deem Facts as Admitted has

been approved in *Progressive Specialty Ins. Co. v. Finch*, 2007 WL 1577899 (M.D. Ala. 2007)

VI.   Although not required to do so with regard to Requests for Admissions, Defendant's counsel nonetheless, in an attempt to resolve this matter though informal means, e-mailed Plaintiff's counsel requesting responses to the discovery, including the Requests for Admissions.  (Exhibit B).

VII.  The Plaintiff has completely failed to serve admissions or denials to the above listed Requests for Admissions, even after the granting of an extension by Defendant's counsel.  (Exhibit B).


WHEREFORE, for all the foregoing reasons, the Defendant respectfully requests this Honorable Court to enter an Order deeming the above listed facts as admitted pursuant to *Federal Rule of Civil Procedure* 36(a)(3).


Respectfully Submitted,

/s/ John Martin Galese
/s/ Cassandra J. Harris
_____
John Martin Galese, ASB-5382-E61J
Cassandra J. Harris, ASB-2841-D52H

OF COUNSEL:
GALESE & INGRAM, P.C.
800 Shades Creek Parkway, Suite 300
Birmingham, Alabama 35209
(205) 870-0663
E-mail:    john@galese-ingram.com
            sandy@galese-ingram.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2008, I electronically filed the above and foregoing pleading with the Clerk of Court, which sends notice to all parties and counsel of record.


/s/ John Martin Galese

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |  |
|---|---|---|
| TINNA SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO:3:07CV1100 |
| | ) | |
| OPELIKA AUTO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S FIRST CONSOLIDATED
## DISCOVERY TO PLAINTIFF

---

COMES NOW the Defendant, Opelika Auto Group, Inc. (sometimes referred to herein as "Mike Patton Ford"), by and through its attorney John Martin Galese, and propounds the following INTERROGATORIES, PRODUCTION REQUESTS and REQUESTS FOR ADMISSIONS to be answered, admitted or denied within the time permitted by the Rules of this Court, and produced at the United States District Courthouse, Montgomery, Alabama, office of the Clerk, on February 13, 2008 at 10AM.

# EXHIBIT A

2

## REQUESTS FOR ADMISSIONS

1.    Please admit that you lied to one or more customers of this Defendant, while employed by this Defendant.

2.    Please admit that you agreed to be bound by the terms of the Defendant's anti-harassment and anti-discrimination policy, as a condition of your employment with the Defendant.

3.    Please admit that you never completed required computer training in order to qualify for direct compensation payments from one or more vehicle manufacturers.

4.    Please admit that you used obscene and profane language at the Defendant's place of business.

5.    Please admit that you received both verbal and written warnings about your conduct at the Defendant's dealership, prior to your termination.

6.    Please admit that you applied for unemployment compensation benefits arising out of your termination of employment from this Defendant.

7.    Please admit that you were found to be disqualified for unemployment benefits arising out of your termination of employment from this Defendant, because of misconduct associated with your employment with the Defendant.

8.  Please admit that you never timely appealed the finding of disqualification for unemployment compensation benefits arising out of your employment with this Defendant.

9.  Please admit that you never reported any sexual harassment or discrimination to any manager of the Defendant, prior to your filing an EEOC charge.

10. Please admit that the Defendant had in force and effect, at the time of your alleged employment, a written policy against harassment and discrimination.

11. Please admit that you failed to follow the provisions of the Defendant's written anti-harassment and anti-discrimination policy.

12. Please admit that the Defendant did not harass or discriminate against you based on your sex.

13. Please admit that you did not file a charge of a sexually hostile work environment at Mike Patton Ford, with the EEOC, prior to filing this civil action.

14. Please admit that you did not file a charge of sexual harassment against Mike Patton Ford with the EEOC prior to filing this civil action.

15. Please admit that the Defendant had valid, non-pretextual reasons for terminating your employment.

3

Respectfully submitted,

John Martin Galese, Esq. (ASB5382E61J)

Of Counsel:
GALESE & INGRAM, P.C.
300 First Commercial Bank Building
800 Shades Creek Parkway
Birmingham, Alabama 35209
Telephone:  (205) 870-0663
Facsimile:   (205) 870-0681

## CERTIFICATE OF SERVICE

I hereby certify that I have delivered a copy of the foregoing discovery to Plaintiff's attorney, at his proper office address, by US Mail, first class postage prepaid, and by facsimile mail thereto on January 2, 2008.

By John Martin Galese

8

| | |
|---|---|
| **From:** | "Benjamin H. Parr" <benjaminparr@bellsouth.net> |
| **To:** | "'John Galese'" <John@galese-ingram.com> |
| **Date:** | 2/10/08 3:41PM |
| **Subject:** | RE: Sherman v Mike Patton Ford/9182565 |

John,

    Your discovery responses are prepared. My client is coming in tomorrow to sign them, and they will go out in the afternoon mail. I have a conflict I am trying to resolve for the scheduled deposition on 2/18, but we may have to reschedule it. I'll let you know in the next day or two.

Ben

-----Original Message-----
From: John Galese [mailto:John@galese-ingram.com]
Sent: Tuesday, February 05, 2008 12:09 PM
To: benjaminparr@bellsouth.net
Cc: jennifer.james@zurichna.com
Subject: RE: Sherman v Mike Patton Ford/9182565

I will hold off filing any motion until Monday.  JMGalese

John Martin Galese, Esq.
Galese & Ingram, PC
800 Shades Creek Parkway, Suite 300
Birmingham, AL  35209
205-870-0663-telephone
205-870-0681-facsimile

>>> "Benjamin H. Parr" <benjaminparr@bellsouth.net> 02/05/08 10:49 AM >>>
John,

    My client indicated that she had some delay in getting the information. She is to be in tomorrow with her responses, and I'll get them prepared and out to you by the end of the week. Sorry for the few days delay.

Ben

From: John Galese [mailto:John@galese-ingram.com]
Sent: Tuesday, February 05, 2008 7:03 AM
To: benjaminparr@bellsouth.net
Cc: kposey@kenboggs.com
Subject: Sherman v Mike Patton Ford/9182565

Dear Ben: My records indicate that yesterday was your client's deadline to respond to my client's written discovery. Please advise if the responses are "in the mail". I will hold off until Monday before I file a motion with the Court, hopefully to either hear from you or receive the responses.

# EXHIBIT B

Thanks.  JMGalese


John Martin Galese, Esq.
Galese & Ingram, PC
800 Shades Creek Parkway, Suite 300
Birmingham, AL  35209
205-870-0663-telephone
205-870-0681-facsimile